Fidel Cassino-DuCloux, GA Bar # 40244
  Federal Public Defender
Julie Vandiver, \*\*
Jessica Snyder, OSB# 134911
  Assistant Federal Public Defenders
101 SW Main Street, Suite 1700
Portland, OR  97204
Tel: (503) 326-2123
Fax: (503) 326-5524
Emails:  Fidel_Cassino-DuCloux@fd.org
        Julie_Vandiver@fd.org
        Jessica_Snyder@fd.org

Attorneys for Petitioner

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| E A T-B,<br><br>               Petitioner,<br><br>v.<br><br>DREW BOSTOCK, Seattle Field Office Director, Immigration and Customs Enforcement and Removal Operations ("ICE/ERO"); TODD LYONS, Acting Director of Immigration Customs Enforcement ("ICE"); U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; KRISTI NOEM, Secretary of the Department of Homeland Security ("DHS"); U.S. DEPARTMENT OF HOMELAND SECURITY; and PAMELA BONDI, Attorney General of the United States,<br><br>               Respondent. | Case No. 3:25-cv-01054-AB<br><br>JOINT STATEMENT RESPECTING VENUE |

Counsel for the Petitioner and the Respondents provide the following Joint Statement on Venue as ordered by this Court. ECF 7. As explained below, the parties agree that venue is proper in the United States District Court for the Western District of Washington and do not object to transfer of this case.

This is a habeas case arising under 28 U.S.C. § 2241 in which the Petitioner challenges his detention on constitutional and statutory grounds. E A T-B is a Colombian national who was detained by immigration authorities on June 18, 2025, at approximately 9:01 a.m. in downtown Portland. *See* Ex. B to ECF 1 (Declaration of Tristen Edwards). The habeas petition initiating this action was filed at 5:25 p.m. on June 18, 2025. ECF 1. In response to the Court's Order (ECF 5), Counsel for the Respondent filed a notice that the Petitioner was taken out of Oregon and into Washington state at 10:07 a.m. on June 18, 2025 because there is no ICE detention facility in Oregon. ECF 6. Additionally, counsel for the Respondents provided counsel for the Petitioner with documentation showing that the Petitioner arrived at the Northwest ICE Processing Center in Tacoma, Washington at 1:05 p.m. on June 18, 2025.

Petitioner submits that filing in the District of Oregon was proper at the time due to counsel's inability to determine Petitioner's location. *See Suri v. Trump*, Case No. 1:25-cv-480, 2025 WL 1310745, at *10 (E.D. Va. May 6, 2025) (providing that jurisdiction can be had in the district court whose territory the petitioner was removed from when the identity of the custodian and place of detention was unknown). However, neither party disputes that venue is proper in the Western District of Washington and neither party objects to transfer to that district. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) (in habeas cases challenging present confinement, jurisdiction lies in the district of confinement); *J.G.G. v. Trump*, 145 S. Ct. 1003, 1006 (2025) (venue is proper in a habeas case in the district of detention); *Doe v. Garland*, 109 F.4th 1188,

1199 (9th Cir. 2024) (affirming the application of the district of confinement rule to 28 U.S.C. § 2241 habeas petitions, including those filed by immigrant detainees).

Petitioner maintains that transfer to the Western District of Washington, rather than dismissal of the matter, is appropriate. Respondents do not object to transfer in this instance. 28 U.S.C. § 1631 provides that "if a court finds there is a want of jurisdiction the court shall transfer the action to any other such court in which the action could have been brought, if it is in the interests of justice." *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990) (quotation and citation omitted). "The federal transfer statute is applicable in habeas proceedings [and] [b]ecause the statute's language is mandatory, federal courts should consider transfer without motion by the parties." *Cruz-Aguilera v. I.N.S.*, 245 F.3d 1070, 1074 (9th Cir. 2001). Transfer is appropriate when (1) the transferring court lacks jurisdiction; (2) the transferee court could have exercised jurisdiction at the time the action was filed; and (3) the transfer is in the interests of justice. *Id*. "Normally transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is 'time consuming and justice-defeating.'" *Id.* (quotation and citation omitted).

Here, because Petitioner had been transported from Oregon to Washington by the time of filing, the first two prongs of § 1631 are met. Moreover, Petitioner maintains that transfer is in the interests of justice because it will unnecessarily delay adjudication of this matter if the Petitioner is required to refile in the Western District of Washington. Further, the Chief Judge of the District of Oregon appointed the Federal Public Defender to represent Petitioner in this case. If this case is transferred, undersigned counsel for Petitioner will seek conditional admission to the Western District of Washington to litigate this matter. *See* Local Rule 83.1(c)(2) (W.D. Wash.). As counsel is a significant benefit to the Petitioner and to the receiving court's ability to

adjudicate this matter, Petitioner maintains that transfer rather than dismissal of this case is warranted.

    Respectfully submitted this 23rd day of June, 2025.

                  /s/ Julie Vandiver
                  Julie Vandiver
                  /s/ Jessica Snyder
                  Jessica Snyder
                  Assistant Federal Public Defenders
                  Counsel for Petitioner

                  WILLIAM M. NARUS
                  Acting United States Attorney
                  District of Oregon

                  /s/ Sarah Feldman
                  Sarah Feldman
                  Assistant United States Attorney
                  Counsel for Respondents